[No. 12699. In Bank. — December 26, 1888.]

## HORACE ALLEN, RESPONDENT, *v.* SALISBURY HALEY, APPELLANT.

PLEADING — AVERMENT OF TIME. — The complaint in an action for services need not show the time when the services were rendered.

CONTRADICTORY FINDINGS. — The findings in such an action are not contradictory because they are to the effect that the defendant promised to pay a fixed sum, and promised to pay what the services were reasonably worth.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*R. Dunnigan,* and *S. Haley,* for Appellant.

*J. G. Howard,* for Respondent.

HAYNE, C. — Action by an attorney to recover for professional services, judgment for plaintiff, and appeal by defendant upon the findings.

1. It is said that the complaint does not state facts sufficient to constitute a cause of action. The only objection on this score is, that the time the services were rendered does not appear. There was no demurrer, and the answer does not set up any plea of the statute of limitations. We think that the point is frivolous.

2. It is said that the findings are contradictory. The findings are by reference to the pleadings, and the complaint contains several counts. In one of these it is alleged that the services were rendered at the request of the defendant, and that he promised to pay a certain sum therefor. In another it is alleged that the services were rendered at the request of the defendant, that he promised to pay what they were reasonably worth, and that they were reasonably worth a certain sum, which is the same amount claimed in the first count. The effect of the findings is, that defendant both promised to pay

what the services were reasonably worth, and promised to pay a certain sum for them. There is nothing impossible in his having done this, and we see no inconsistency in the finding that he did so.

Another finding is, that the allegations in paragraph 5 of the answer (with a specified exception) are true. The substance of this paragraph of the answer is, that in the month of January, 1883, the defendant allowed the plaintiff to stay in his office, in consideration of plaintiff's promise that "he would make himself as useful as he was able in and about the defendant's business"; that the plaintiff remained in the office from January, 1883, until about January 1, 1886, but was of very little use. Assuming that this portion of the answer stated a defense (which we doubt), we nevertheless do not see any inconsistency in the findings. The time when the plaintiff rendered the services does not appear. One of the defendant's promises to pay for them was "on the thirtieth day of July, 1886," and this was after the sojourn of the plaintiff in the defendant's office. The other promise was "before the thirtieth day of July, 1886," and this may have been before said period. In neither case is there any contradiction.

The other matters do not require special notice. We think that the appeal was taken for delay, and we therefore advise that the judgment be affirmed. with ten per cent damages.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed, with ten per cent damages.

Rehearing denied.